Flight Kitchen, Inc., an Illinois Corporation, and Flight Kitchen, Inc., a Michigan Corporation, Plaintiffs-Appellees, v. Joseph I. Woods, Sheriff of Cook County, and Chicago Seven Up Bottling Co., Inc., Defendants, Chicago Seven Up Bottling Co., Inc., a Corporation, Defendant-Appellant.

Gen. No. 52,793.

First District, Fourth Division.

May 21, 1969.

O'Keefe, O'Brien, Hanson & Ashenden, and Richard G. Finn, of Chicago, for appellant.

Irving Goodman and Smietanka & Garrigan, of Chicago, for appellees.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Plaintiffs brought a trial of right of property action to recover certain property levied upon by the Sheriff of Cook County by virtue of an execution issued on a judgment entered in favor of Seven Up Bottling Co. and against Plan For Hospital Foods, Inc., in the sum of $1499.60. The court directed a verdict finding that the right of property was in the plaintiffs. Defendant Chicago Seven Up Bottling Co., Inc., appeals from the judgment on the directed verdict.

On appeal defendant contends that the court erred in directing a verdict.

Adam Senese testified that he was president of three corporations: Flight Kitchen, Inc., an Illinois corporation, Flight Kitchen, Inc., a Michigan corporation, and Plan For Hospital Foods, Inc., an Illinois corporation; that all three corporations kept separate books; that all the seized property was located at 9561 Franklin which is leased by Flight Kitchen, Inc.; that the building had a

sign reading "Flight Kit . . ."; that none of the property belonged to Plan For Hospital Foods; that equipment worth $10,000 belonging to Hospital Foods was located at 3149 Lincoln Avenue but he never told this to sheriffs; that the seized property was not owned jointly by the plaintiffs.

When Senese was asked which property belonged to Flight Kitchen of Illinois and which to Flight Kitchen of Michigan, plaintiffs' attorney stated to the court:

> Mr. Smietanka [plaintiffs' attorney]: I am not going to object to the question, but I think the witness should have, in view of the great number of items that have been levied upon and seized—I think he is entitled to examine the documents to establish the ownership. He wants the particular ownership. I think he is entitled to examine the exhibits.

(We shall discuss the exhibits and Senese's testimony regarding them later.) Senese also testified that mail for Hospital Foods was delivered at Franklin Avenue, that delivery tickets were addressed to that location and that employees of defendant had conferred with him at that address.

Opinion

Defendant contends that the trial court erred in directing the jury to find that the right of property was in the plaintiffs. Defendant argues that the burden is on plaintiffs to prove that the property is theirs; and that in the instant case the plaintiffs' proof is not such that "when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 510, 229 NE2d 504.

 In a trial of right of property the burden is on the plaintiff to prove his ownership of each and every article

346

of property claimed. Marshall v. Cunningham, 13 Ill 20. It is admitted by defendants that the 1967 GMC Van (as shown by Plaintiffs' Exhibit 1) belongs to Flight Kitchen, Inc., a Michigan corporation.

Plaintiffs attempted to prove their ownership to all the other property by showing that Hospital Foods kept no equipment at and did no business from the Franklin Avenue address, and by the introduction of exhibits which they claimed established ownership. Plaintiffs' Exhibit 2 is a paid bill for a 1965 Pontiac. Senese testified that the car is the property of Flight Kitchen of Illinois but the exhibit shows "Flight Kitchen, Inc.—Adam Senese—9561 Franklin Avenue" as the person to whom the invoice was rendered.

He identified Exhibit 3 as a retail installment contract covering a 1960 Ford automobile (a cab type truck) and stated that the truck is the property of Flight Kitchen, Inc., but the exhibit shows that the buyer was Chef's Delight Catering. The memorandum of insurance attached thereto shows Adam Senese d/b/a Chef's Delight as the insured. Plaintiffs' Exhibit No. 4 is a schedule of equipment (machines and equipment) with a certificate attached to it dated June 20, 1966, from the R. A. Will Company. This is an appraisal of all the equipment that was on the premises of Flight Kitchen, Inc. of Illinois when the appraisal was made on about June 20, 1966. Mr. Senese testified that all this equipment was seized by defendant on August 28, 1967, but there was no proof of ownership.

Plaintiffs' Exhibit No. 5 is a check for $1,000 signed "Flight Kitchen, Inc." payable to E. F. Wilkinson, treasurer of Rock Island. Senese testified that this was in payment of some equipment (pots and pans) and a few large pieces of equipment that were sold to him by the Rock Island Railroad and that these items are included in the schedule marked Plaintiffs' Exhibit No. 4. Senese testified that Plaintiffs' Group Exhibit No. 6 refers to

tables that were on the premises of Flight Kitchen, Inc. of Illinois; the payment was made by him and the property belonged to him.

Plaintiffs' Exhibit No. 7 is a bill of sale referring to a kettle stand. Senese testified that it was purchased by him for Flight Kitchen, Inc. of Illinois from TWA and paid for by him.

Plaintiffs' Group Exhibit No. 8 is a series of invoices dated August and September of 1962. They refer to about three-fourths of the equipment on the schedule. It was purchased and paid for by Adam Senese for Flight Kitchen, Inc. of Illinois. The invoices are addressed to "Flight Kitchens, Inc."—whether Illinois or Michigan is unspecified.

In view of the imprecision of the proof of ownership of the various items seized, we hold that the evidence does not sufficiently favor the plaintiff to satisfy the Pedrick, supra, criteria for a direction of verdict. Many of the items in dispute are claimed to belong to "Flight Kitchen," but the proof does not indicate which Flight Kitchen, whether the Michigan corporation or the Illinois corporation. Since Senese, the president of both claimants, testified that there was no joint ownership of property, the proof must show which claimant owns a particular item. The judgment, however, found the right of property to be in plaintiffs jointly, and this is completely inconsistent with the evidence.

█ Further there were items seized that belong to Senese personally and other items which belong to various airlines. Since it is admitted that there is property that does not belong to plaintiffs and since the findings were not specific as to which property was owned by which plaintiff, it was clearly improper to declare, as the trial court did in directing a verdict, that the right to all the property seized at the Franklin Avenue address was in plaintiffs.

The judgment is reversed and the cause remanded with directions to enter a judgment that the right to a 1967 GMC Van EM 5670V is in the Flight Kitchen, Inc., a Michigan corporation, and to proceed with a new trial as to all the other property.

Reversed and remanded with directions.

ENGLISH and STAMOS, JJ., concur.